UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re: MARLA T. WOODFORD,

        Debtor(s).

Chapter 7
Case No. 14-52306-pjs
Hon. Phillip J. Shefferly

_____/

INITIAL INVESTMENTS, INC.,

        Plaintiff,

vs.

A.P. No. 14-05096-PJS

MARLA T. WOODFORD,

        Defendant.

_____/

## STIPULATION APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

Plaintiff (including its owner Carletta Flowers) and Defendant by and through their respective counsel hereby stipulated and agree to the entry of the attached Order (Exhibit A).

IT IS HEREBY AGREED that the attached order be entered.

Stipulate as to form and Entry:

| HOWARD & HOWARD ATTORNEYS | CARTWRIGHT LAW FIRM, PLLC |
|---|---|
| By: Michael F. Wais (P45482)<br>Brandon J. Wilson (P73042)<br>Attorneys for Initial Investments, Inc.<br>450 W. Fourth Street<br>Royal Oak, MI 48067<br>mfw@h2law.com<br>bjw@h2law.com<br>(248) 645-1483 | By: Andrea D. Cartwright (P53463)<br>Attorneys for Marla Woodford<br>24750 Lahser Road<br>Southfield, MI 48033<br>(248) 352-7822<br>cartwrighta@prodigy.net |
| INITIAL INVESTMENTS, INC. | MARLA T. WOODFORD |
| By: Carletta Flowers<br>Its: authorized representative and in her individual capacity | By: Marla T. Woodford, personally and in her capacity as trustee of the Marla T. Woodford Trust dated June 6, 2008 |

1

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re: MARLA T. WOODFORD,  Chapter 7

                                 Case No. 14-52306-pjs
                Debtor(s).    Hon. Phillip J. Shefferly
_____/

INITIAL INVESTMENTS, INC.,

                Plaintiff,

vs.                                              A.P. No. 14-05096-PJS

MARLA T. WOODFORD,

                Defendant.
_____/

## STIPULATION APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

Plaintiff (including its owner Carletta Flowers) and Defendant by and through their respective counsel hereby stipulated and agree to the entry of the attached Order (Exhibit A).

IT IS HEREBY AGREED that the attached order be entered.

Stipulate as to form and Entry:

| HOWARD & HOWARD ATTORNEYS | CARTWRIGHT LAW FIRM, PLLC |
|---|---|
| By: Michael F. Wais (P45482) | By: Andrea D. Cartwright (P53463) |
| Brandon J. Wilson (P73042) | Attorneys for Marla Woodford |
| Attorneys for Initial Investments, Inc. | 24750 Lahser Road |
| 450 W. Fourth Street | Southfield, MI 48033 |
| Royal Oak, MI 48067 | (248) 352-7822 |
| mfw@h2law.com | cartwrighta@prodigy.net |
| bjw@h2law.com | |
| (248) 645-1483 | |
| INITIAL INVESTMENTS, INC. | MARLA T. WOODFORD |

By: Carletta Flowers  
Its: authorized representative and in individual capacity

By: Marla T. Woodford, personally and in her capacity as trustee of the Marla T. Woodford Trust dated June 6, 2008

UNITED STATE BANKRUPTCY COURT  
EASTERN DISTRICT OF MICHIGAN  
SOUTHERN DIVISION - DETROIT

In re: MARLA T. WOODFORD,　　　　　　　　　　Chapter 7

　　　　　　　　　　　　　　　　　　　　　　Case No. 14-52306-pjs

　　　　　　　　Debtor(s).　　　　　　　　　　Hon. Phillip J. Shefferly

INITIAL INVESTMENTS, INC.,

　　　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　A.P. No. 14-05096-PJS

MARLA T. WOODFORD,

　　　　　　　　Defendant.

## ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

WHEREAS, based upon the statements made by the Court during the Status Conference, Initial Investments, Inc., Carletta Flowers (the owner of Initial Investments, Inc.) and Marla T. Woodford (collectively the "Parties") have agreed to settle their respective claims;

RECITALS

> A. Defendant Marla T. Woodford is the trustee of the Marla T. Woodford Trust, dated June 6, 2008 (the "Trust").
>
> B. The Trust owns the real property located at 16169 Prest, Detroit, Michigan (the "Home").
>
> C. Hanover Insurance Group, Hanover Insurance Company and/or Citizens Insurance Company of America (collectively "Hanover") provided homeowners insurance to Woodford for the Home. Hanover's insurance claim number for the Home was, upon information and belief, 1400829033, and the claim was being adjusted by Jason L. Van Tol, Outside Property Claims Adjuster, 6689 Orchard Lake Road #285, West Bloomfield, Michigan 48322, telephone number (248) 825-757

2

# Exhibit A

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re: MARLA T. WOODFORD,

Debtor(s).

_____/

Chapter 7
Case No. 14-52306-pjs
Hon. Phillip J. Shefferly

INITIAL INVESTMENTS, INC.,

Plaintiff,

vs.

MARLA T. WOODFORD,

Defendant.

_____/

A.P. No. 14-05096-PJS

## ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING

WHEREAS, based upon the statements made by the Court during the Status Conference, Initial Investments, Inc., Carletta Flowers (the owner of Initial Investments, Inc.) and Marla T. Woodford (collectively the "Parties") have agreed to settle their respective claims;

### RECITALS

A. Defendant Marla T. Woodford is the trustee of the Marla T. Woodford Trust, dated June 6, 2008 (the "Trust").

B. The Trust owns the real property located at 16169 Prest, Detroit, Michigan (the "Home").

C. Hanover Insurance Group, Hanover Insurance Company and/or Citizens Insurance Company of America (collectively "Hanover") provided homeowners insurance to Woodford for the Home. Hanover's insurance claim number for the Home was, upon information and belief, 1400829033, and the claim was being adjusted by Jason L. Van Tol, Outside Property Claims Adjuster, 6689 Orchard Lake Road #285, West Bloomfield, Michigan 48322, telephone number (248) 825-7571.

D. Federal National Mortgage Association ("Fannie Mae") holds or held a mortgage on the Home.

E. Serterus, Inc. ("Serterus") services the mortgage granted to Fannie Mae.

F. In 2012 the Home experienced water damage. Woodford placed an insurance claim with Hanover to pay for the cost of repairing and remediating the water damage. Woodford hired Plaintiff Initial Investments, Inc. ("Initial Investments") to repair the water damage pursuant to a Work Authorization Agreement. In addition, Woodford requested that Initial Investments make additional improvements to the Home.

G. Initial Investments performed work on the Home between April 15, 2012, to November 30, 2012, in the amount of $83,131.85.

H. According to Initial Investments, Hanover has issued checks payable to Woodford and Initial Investments in the amount of $15,550.97 and $15,217.63 (collectively the "Insurance Proceeds."). A dispute arose between Woodford and Initial Investments concerning the scope of nature of repairs and improvements performed by Initial Investments on the Home, delaying the payment of the Insurance Proceeds to Initial Investments.

I. On December 20, 2012, Initial Investments filed a Claim of Lien against the Home pursuant to the Michigan Construction Lien Act, MCL 570.1101.

J. On May 9, 2013, Initial Investments filed a Complaint against Woodford in the Wayne County Circuit Court, Case No. 2013-006120-CH (the "Wayne County Litigation") alleging claims for breach of contract and foreclosure of the Claim of Lien.

K. Woodford initially disputed the amount claimed by Initial Investments.

L. At present, according to Initial Investments, Hanover is holding $15,550.97 of the Insurance Proceeds. The remaining Insurance Proceeds in the amount of $15,217.63 are presently being held in escrow with the Wayne County Circuit Court pursuant to an order of the Court.

M. Woodford filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 28, 2014, in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 14-52306-pjs (the "Bankruptcy Court").

N. Initial Investments filed a complaint, Case No. 14-05096-pjs, to determine non-dischargeability of amounts claimed owed by Woodford pursuant to 11 U.S.C. § 523(a)(4) and (a)(6) (the "Adversary Proceeding").

NOW, THEREFORE, in consideration of the mutual promises set forth herein and based upon the stipulation of the Parties and their counsel, and the Court being otherwise advised in the premises:

TERMS

1. IT IS HEREBY ORDERED that the Insurance Proceeds shall be paid to Initial Investments.

2. IT IS HEREBY ORDERED that Hanover shall promptly upon receipt of this Order issue the $15,550.97 check of the Insurance Proceeds directly to Initial Investments – Ms. Woodford's name should not appear on the check. The check should be delivered to Howard & Howard Attorneys, c/o Michael Wais, 450 W. 4th Street, Royal Oak, Michigan, 48067. Mr. Van Tol is required to provide appropriate assistance to cause the check to be issued as provided in this paragraph.

3. IT IS HEREBY ORDERED that the Wayne County Circuit Court shall promptly upon receipt of this Order issue the $15,218.43 check (and any accrued interest) of the Insurance Proceeds that is being held pursuant to Court order in Wayne County Circuit Court Case No. 2013-006120-CH directly to Initial Investments. The check should be delivered to Howard & Howard Attorneys, c/o Michael Wais, 450 W. 4th Street, Royal Oak, Michigan, 48067.

4. Initial Investments performed services at the Home between April 15, 2012, to November 30, 2012 and is entitled to the Insurance Proceeds for unpaid services rendered at the Home, including additional work performed at the Home after the initial work authorization was executed. Woodford shall cooperate with counsel for Initial Investments, Inc. that is reasonably necessary to cause the Insurance Proceeds to be paid to Initial Investments.

5. IT IS HEREBY FURTHER ORDERED that the Adversary Proceeding will be adjourned until Initial Investments, Inc. receives the Insurance Proceeds. If Initial Investments receives the Insurance Proceeds, the Adversary Proceeding and the Wayne County Litigation will be dismissed with prejudice and without costs. If Initial Investments does not receive the Insurance Proceeds, the Adversary Proceeding shall continue and this Order will be of no further force or effect. In conformance herewith, the Parties and their Counsel are hereby further ordered to proceed as expeditiously as possible in procuring payment of the Insurance Proceeds to Initial Investments. Each Party agrees to execute and deliver any documents which may be reasonably necessary in order to effectuate the purposes of this Agreement; provided, however, that the foregoing shall not be construed or deemed to expand the obligations of any party hereunder or remove any limitations on the obligations of any party hereunder.

6. IT IS HEREBY FURTHER ORDERED that the Parties shall not file any civil, administrative, municipal or criminal lawsuits, complaints, claims or actions of any kind whatsoever against any other Party that relates to any event that occurred prior to the date of this Order.

7. Upon completion of the terms above, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties mutually, fully, and finally hereby release, acquit, and discharge each other Party, and their heirs, executors,

administrators, successors, assigns, employees, officers, directors, agents, and representatives, from any and all claims, complaints, counterclaims, cross-claims, third-party claims for indemnification or contribution or otherwise, rights, actions, causes of action of any nature whatsoever, obligations, suits, breaches, sums of money and any other demands whatsoever, whether in contract or tort, in law or in equity, or arising under or by virtue of a statute or regulation or judicial reason, that are now recognized by law or that may be created or recognized in the future, and for all other losses, injuries, damages, expenses, or remedies of any and every kind or character, including, without limitation, all actual damages (past, present, future, economic, noneconomic, known, and unknown), all exemplary and punitive damages, all attorney fees, all penalties of any kind, prejudgment and post judgment interest, and court costs.

This agreement is for settlement purposes only.

8. THE UNDERSIGNED HAVE BEEN GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT AND DISCUSS THE TERMS THEREOF WITH THEIR RESPECTIVE ATTORNEYS, AND AGREE THAT THEY HAVE EXECUTED SAME AS THEIR FREE ACT AND DEED, WITHOUT DURESS.

WHEREOF, the Parties and their counsel have executed this Agreement as of the date set below their respective signatures

| INITIAL INVESTMENTS, INC. | MARLA T. WOODFORD |
|---|---|
| By: Carletta Flowers | By: Marla T. Woodford, personally and in her |
| Its: authorized representative and in her individual capacity | capacity as trustee of the Marla T. Woodford Trust dated June 6, 2008 |
| Date signed: October 23, 2015 | Date signed: October ____, 2015 |
| HOWARD & HOWARD ATTORNEYS | CARTWRIGHT LAW FIRM, PLLC |
| By: Michael F. Wais (P45482) | By: Andrea D. Cartwright, Esq. |
| Brandon J. Wilson (P73042) | Attorneys for Marla Woodford |
| Attorneys for Initial Investments, Inc. | 24750 Lahser Road |
| 450 W. Fourth Street | Southfield, MI 48033 |
| Royal Oak, MI 48067 | (248) 352-7822 |
| mfw@h2law.com | cartwrighta@prodigy.net |
| bjw@h2law.com | |
| (248) 645-1483 | |

purposes of this Agreement; provided, however, that the foregoing shall not be construed or deemed to expand the obligations of any party

hereunder or remove any limitations on the obligations of any party hereunder.

6. IT IS HEREBY FURTHER ORDERED that the Parties shall not file any civil, administrative, municipal or criminal lawsuits, complaints, claims or actions of any kind whatsoever against any other Party that relates to any event that occurred prior to the date of this Order.

7. Upon completion of the terms above, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties mutually, fully, and finally hereby release, acquit, and discharge each other Party, and their heirs, executors, administrators, successors, assigns, employees, officers, directors, agents, and representatives, from any and all claims, complaints, counterclaims, cross-claims, third-party claims for indemnification or contribution or otherwise, rights, actions, causes of action of any nature whatsoever, obligations, suits, breaches, sums of money and any other demands whatsoever, whether in contract or tort, in law or in equity, or arising under or by virtue of a statute or regulation or judicial reason, that are now recognized by law or that may be created or recognized in the future, and for all other losses, injuries, damages, expenses, or remedies of any and every kind or character, including, without limitation, all actual damages (past, present, future, economic, noneconomic, known, and unknown), all exemplary and punitive damages, all attorney fees, all penalties of any kind, prejudgment and post judgment interest, and court costs.

This agreement is for settlement purposes only.

8. THE UNDERSIGNED HAVE BEEN GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT AND DISCUSS THE TERMS THEREOF WITH THEIR RESPECTIVE ATTORNEYS, AND AGREE THAT THEY HAVE EXECUTED SAME AS THEIR FREE ACT AND DEED, WITHOUT DURESS.

WHEREOF, the Parties and their counsel have executed this Agreement as of the date set below their respective signatures

INITIAL INVESTMENTS, INC.

By: Carletta Flowers
Its: authorized representative and in individual capacity

Date signed: October ____, 2015

HOWARD & HOWARD ATTORNEYS

By: Michael F. Wais (P45482)

MARLA T. WOODFORD

By: Marla T. Woodford, personally and in her capacity as trustee of the Marla T. Woodford Trust dated June 6, 2008

Date signed: October 26th, 2015

CARTWRIGHT LAW FIRM, PLLC

Attorneys for Initial Investments, Inc.  
450 W. Fourth Street  
Royal Oak, MI 48067  
mfw@h2law.com  
bjw@h2law.com  
(248) 645-1483  

Attorneys for Marla Woodford  
24750 Lahser Road  
Southfield, MI 48033  
(248) 352-7822  
cartwrighta@prodigy.net  

1