UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Marla T. Woodford, | Case No. 14-52306 |
|     Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Initial Investments, Inc., | Adversary Proceeding |
| | No. 14-5096-PJS |
|     Plaintiff, | |
| v. | |
| Marla T. Woodford, | |
|     Defendant. | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Initial Investments, Inc. ("Initial Investments") filed this adversary proceeding to determine that Marla T. Woodford ("Debtor") owed Initial Investments a nondischargeable debt. On December 12, 2016, the Court issued an Opinion After Trial Dismissing Complaint to Determine Nondischargeable Debt ("Opinion"). On the same day, the Court entered an Order (1) Dismissing Complaint; and (2) Awarding Sanction ("Order"). The Opinion and Order dismissed Initial Investments' complaint, but did award Initial Investments a sanction against the Debtor in the amount of $2,219.00 because of the Debtor's misconduct regarding a settlement agreement negotiated during this adversary proceeding. On December 21, 2016, Initial Investments timely filed a motion for reconsideration ("Motion") (ECF No. 123) of the Opinion and Order.

The Court construes the Motion as being brought under Fed. R. Civ. P. 59, made applicable to this adversary proceeding by Fed. R. Bankr. P. 9023 and under E.D. Mich. LBR 9024-1. The Bankruptcy Appellate Panel for the Sixth Circuit in <u>Hamerly v. Fifth Third Mortgage Co.</u> (<u>In re J & M Salupo Development Co.</u>), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008), stated that bankruptcy courts "generally treat a motion for reconsideration as a motion to alter or amend the judgment" under Fed. R. Civ. P. 59. The Bankruptcy Appellate Panel further explained that a bankruptcy court "may reconsider a previous judgment (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice." <u>Id.</u> (citing <u>GenCorp, Inc. v. Am. Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999)). Under E.D. Mich. LBR 9024-1(a)(3), a motion for reconsideration must not only demonstrate a palpable defect by which the Court and the parties have been misled, but must also show that a different disposition of the case must result from the correction of the palpable defect.

LBR 9024-1(a)(2) and (b) provide that when a motion to alter or amend a judgment, or for reconsideration, is filed, no response may be filed and no oral argument will be scheduled unless the Court so orders. In this case, the Court concludes that no response to the Motion is necessary and that the Court's decision making process will not be helped by scheduling any hearing on the Motion.

The Motion does not allege the existence of any newly discovered evidence, intervening change in the law, or manifest injustice. Rather, the Motion argues that the Court committed a clear error of law in determining that the debt owed by the Debtor to Initial Investments is not excepted from discharge under § 523(a)(4) or (6) of the Bankruptcy Code. Further, the Motion argues that the Court committed a clear error of law by not awarding Initial Investments a larger sanction than the Opinion and Order awarded.

First, the Motion argues that the Court committed an error of law in finding that the debt owed by the Debtor to Initial Investments is not excepted from discharge under § 523(a)(4) as a debt for fraud or defalcation while acting in a fiduciary capacity. In support, Initial Investments relies heavily on Universal Restoration Servs., Inc. v. Hartung (In re Hartung), 511 B.R. 538 (E.D. Wis. 2014), and J. Bowers Constr. Co. v. Williams (In re Williams), 233 B.R. 398 (Bankr. N.D. Ohio 1999). Both of these cases were already considered by the Court in rendering the Opinion and Order. Neither of them are controlling but, more importantly, both of these cases are factually inapposite.

In Hartung, the bankruptcy court found an express trust based on findings made in a prior state court trial between the creditor and debtor. In that case, the insurance proceeds in question were placed in an escrow account when the work was completed and the debtors had signed a release stating that they were satisfied with the work. 511 B.R. at 540-41. In the case before this Court, there was no escrow of any insurance proceeds, and the Debtor expressly refused to sign a release stating that she was satisfied with Initial Investments' work because she believed that the work was not properly performed.

In Williams, the insurance proceeds in question were deposited in a joint savings account and were to be withdrawn only upon the signatures of both the creditor and the debtor. Somehow the debtor was able to unilaterally withdraw the proceeds from the account without the creditor's signature and spent the proceeds on personal items. 233 B.R. at 401. In the case before this Court, no proceeds were ever placed on deposit in any joint account and the Debtor did not negotiate any check that was made payable jointly to the Debtor and Initial Investments.[1]

---

[1] It is true that the Debtor sent the Hanover Check (as that term is defined in the Opinion) back to Hanover and that Hanover issued a separate check made payable only to the Debtor.

-3-

Unlike Hartung and Williams, no proceeds were ever placed in a joint account in this case, nor did the Debtor ever take any action to unilaterally negotiate a check made payable jointly to the Debtor and Initial Investments. The cases relied upon in the Motion are factually distinguishable.

The Motion also cites multiple cases regarding the elements of an express trust for purposes of § 523(a)(4) and cases that discuss the term defalcation, for purposes of § 523(a)(4). The Court does not disagree with the propositions of law contained in these cases regarding the elements of an express trust or what defalcation means. But the Court does not agree that the Motion's citation to these cases demonstrates a clear error of law or palpable defect in the Opinion and Order. The Opinion discusses controlling case law regarding the elements of an express trust and the meaning of defalcation. The Motion disagrees with the Court's application of those cases to the evidence adduced at the trial in this case. But there is nothing in the Motion that persuades the Court that it made a clear error of law or a palpable defect in applying controlling case law under § 523(a)(4) to the facts of this case. The Opinion explained in detail why the Court found, based on the evidence at trial, that there is no express trust and no defalcation in this case for purposes of § 523(a)(4). That discussion need not be repeated here.

Second, the Motion argues that the Court committed a clear error of law in finding that the debt owed by the Debtor to Initial Investments should not be excepted from discharge under § 523(a)(6) as a debt for a willful and malicious injury. Specifically, Initial Investments argues that the Court erred in finding that the injury to Initial Investments was not caused by the Debtor's

---

Neither Initial Investments nor the Debtor elicited any testimony at trial regarding the circumstances of Hanover issuing a check made payable only to the Debtor. But the Debtor did testify, without any contrary evidence in the record, that she returned the Hanover Check to Hanover because she did not believe that Initial Investments had earned payment for any more services on her property.

malice, and points to four specific facts in support. Initial Investments first states that the evidence at trial showed that the Debtor intentionally and maliciously "damaged her own property" to make it look like Initial Investments failed to properly perform its work. The evidence at trial does not show that the Debtor intentionally and maliciously damaged her own property, but even if it did, that does not mean that the debt owed by the Debtor to Initial Investments is an injury caused by Debtor's malice. Acting out of malice as to her own property does not make the Debtor's debt to Initial Investments nondischargeable.

Initial Investments next states that the evidence at trial shows that the Debtor filed a false police report and a false administrative claim against Initial Investments. Again, the evidence at trial does not prove either of those facts, but even if it did, that does not mean that the Debtor's non-payment of the debt to Initial Investments for work on her property caused an injury by malice. Initial Investments' injury arises from non-payment of the debt owed to it by the Debtor for work performed, not from filing any false police report or administrative claim.

Initial Investments next states that throughout this adversary proceeding, the Debtor and her counsel acknowledged that the Debtor had no right to keep any of the insurance proceeds for herself. Initial Investments overstates the evidence. What the Debtor and her counsel acknowledged was that the Debtor had no right to the Seterus Proceeds (as that term is defined in the Opinion), not to the Hanover Proceeds (as that term is defined in the Opinion). But even if the Debtor and her counsel had acknowledged that she had no right to the Hanover Proceeds, that acknowledgment occurred long after the debt was incurred and long after this adversary proceeding was filed, at a hearing in the Bankruptcy Court to determine whether the Debtor – at that point in time – had any right to the insurance proceeds. It had nothing to do with the Debtor's pre-petition non-payment of her debt to Initial Investments.

Finally, Initial Investments states that the Debtor "covered up" and "otherwise hid" the fact that she had obtained a check from Hanover made payable solely to her in April, 2013. It is certainly true that the Debtor was not forthcoming in telling the Court or Initial Investments that she had actually received a check made payable to her in April, 2013. But Initial Investments admittedly took no deposition or other discovery of the Debtor at all in this adversary proceeding. It could have easily asked whether or not the Debtor had received any payment from Hanover that was not turned over to Initial Investments. But it did not. More importantly, even if the Court accepts the contention that the Debtor "covered up" this fact from Hanover, this "cover up" is conduct that occurred after the debt was incurred and, to large extent, after the adversary proceeding was filed. The Court found in the Opinion that the Debtor should be sanctioned for failing to affirmatively come forward with this information while negotiating the Settlement Agreement (as that term is used in the Opinion). But as the Court pointed out in the Opinion, this after the fact conduct by the Debtor does not mean that the pre-petition debt owed by the Debtor to Initial Investments for work on her home is a nondischargeable debt.

None of the four "facts" relied on by Initial Investments in the Motion persuade the Court that the injury that Initial Investments suffered on account of the Debtor's non-payment of the pre-petition debt by the Debtor was a willful and malicious injury for purposes of § 523(a)(6). As stated repeatedly in the Opinion, the Debtor breached the Work Authorization, which was the contract that she had entered into with Initial Investments to pay it for work on her property. The evidence proved that the Debtor did so because she truly believed that Initial Investments was not entitled to be paid because it had performed substandard work. Non-payment in these circumstances constitutes a breach of contract, but that does not mean that Initial Investments suffered a willful and

malicious injury under § 523(a)(6), even if it later turns out – as it did in this case – that the Debtor was mistaken in her belief that the work was not properly performed.

Finally, Initial Investments argues that the Court made a clear error of law in not awarding it a larger sanction. In this part of the Motion, Initial Investments cites no law, nor any evidence in the record, to show that a larger sanction should be awarded for what the Court admittedly found was improper conduct by the Debtor in entering into the Settlement Agreement.

In sum, the Court concludes that the Motion does not demonstrate that the Court made a clear error of law or that there was a palpable defect in the Opinion and Order. The Opinion and Order are based entirely on the evidentiary record made at trial. Simply put, Initial Investments disagrees with the credibility determinations made by the Court and the weight and probative value that the Court ascribed to the evidence at trial. That disagreement does not provide grounds for the Court to reconsider the Opinion and Order either to reverse its determination that the debt owed by the Debtor to Initial Investments is not within an exception to discharge under § 523(a)(4) or (6), or to award a larger sanction. Accordingly,

**IT IS HEREBY ORDERED** that the motion for reconsideration is denied.

.

**Signed on December 28, 2016**

                                             **/s/ Phillip J. Shefferly**
                                             **Phillip J. Shefferly**
                                             **United States Bankruptcy Judge**